**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION**

**FILED**

MAR 30 2016



CLERK

| | |
|---|---|
| DARYUSH VALIZADEH, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JANE DOE, a/k/a "Susan"; and | ) |
| JOHN AND JANE DOES 2-10, all | ) |
| whose true names are unknown, | ) |
| | ) |
| Defendants. | ) |

CIV. *16 - 5020*

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Daryush Valizadeh brings this Complaint against Defendant Jane Doe, a/k/a "Susan," and Defendants John and Jane Does 2-10, and hereby alleges as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as Plaintiff is a resident of Box Elder, South Dakota, and Defendant Jane Doe, a/k/a "Susan," on information and belief, is a citizen of and resident of Iceland, and the amount in controversy exceeds $75,000.

2.       This Court has personal jurisdiction over Defendants Jane Doe, a/k/a "Susan" and John and Jane Does 2-10, as they intentionally transmitted defamatory material concerning Plaintiff into the United States with the intent to harm a resident of South Dakota and with knowledge that the material they transmitted to the U.S. was false.

3.       Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

/ / /

## THE PARTIES

4.      Plaintiff Daryush Valizadeh is a resident of Box Elder, South Dakota.

5.      Upon information and belief, Defendant Jane Doe, a/k/a "Susan," is a resident of the country of Iceland.

6.      The locations and identities of Defendants John and Jane Does 2-10 are currently unknown.

## FACTS COMMON TO ALL COUNTS

7.      On February 9, 2016, blogger S. Jane Gari posted an article on her website entitled "Roosh Valizadeh Accused of Rape." In the story, Gari claims that an individual contacted her and claimed that Valizadeh raped her.

8.      The story published on S. Jane Gari's blog is false. Not one element of it is true. Mr. Valizadeh is certain that he has never even met the person interviewed in Ms. Gari's article.

9.      On or about February 16, 2016, counsel for Mr. Valizadeh wrote to Ms. Gari, informed her that the story on her site was false, and requested that she retract it.

10.     On or about February 22, 2016, Ms. Gari's counsel responded and stated that Ms. Gari would not retract the story.

11.     In that letter, Ms. Gari's counsel, Paul S. Levine, stated that he had "reviewed the extensive email correspondence by and between [his] client and the woman [his client] calls 'Susan' in her blog."

12.     In that same letter, Mr. Levine claimed to have reviewed "various email correspondence" by "various other women who claim to be, or to be acquainted with, victims of [Mr. Valizadeh]."

13.     Mr. Levine confirms that "'Susan' is indeed a very real person, who indeed claims that she was raped by" Mr. Valizadeh. Mr. Levine claims that he has reviewed communications from "Susan" and other John / Jane Doe parties,

and these communications have led him to believe that Mr. Valizadeh sexually assaulted "Susan," thus compounding the defamation.

14.    While Mr. Valizadeh initially suspected that "Susan" was a fabrication of Ms. Gari's imagination, and not a real person, Mr. Levine's representations suggest that she may be a real person who made damaging and false accusations that Valizadeh raped her, and who published these statements to Gari and Levine, and which Gari in turn published to the world.

15.    Mr. Levine's representations also suggest there are others who have made false statements to either corroborate Jane Doe, a/k/a "Susan"'s false allegations, or to falsely allege themselves that they have been sexually victimized by Plaintiff.

16.    Given that Ms. Gari and Mr. Levine consistently place quotation marks around "Susan"'s name and have not informed Plaintiff or his counsel of her actual name, Plaintiff Valizadeh has been forced to file suit against her as a Doe Defendant.    Gari refuses to provide any further information without a subpoena.

17.    Plaintiff anticipates taking early discovery from Ms. Gari and Mr. Levine to uncover the true identities of both "Susan" and the "various other women" he mentions in his letter, at which time Mr. Valizadeh will amend his complaint to name Jane Doe by her true name.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Defamation *Per Se* against Jane Doe, a/k/a "Susan")

18.    Plaintiff Valizadeh hereby incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

19.    Defendant Jane Doe made false statements to Ms. Gari and to Mr. Levine.

-3-

20.     Jane Doe's statements regarding Mr. Valizadeh are false, tend to bring Mr. Valizadeh into disrepute, and impeach his integrity and reputation. Specifically, Jane Doe alleges that Plaintiff raped her, which is absolutely untrue.

21.     Defendant's false statements regarding Plaintiff Valizadeh allege criminal activity and injure Plaintiff with regard to his business. Thus, Defendant Jane Doe's defamatory statements constitute defamation *per se*.

22.     Defendant published her defamatory statements in emails and other correspondence with S. Jane Gari, who then repeated those defamatory statements on her blog at <sjanegari.com>.

23.     Defendant Jane Doe made her defamatory statements with the knowledge that the statements were false, or with a reckless disregard for the truth.

24.     Defendant Jane Doe had no privilege to make her defamatory statements.

25.     Plaintiff Valizadeh has been and continues to be damaged by Jane Doe's statements.

26.     As a direct and proximate result of Defendant's acts, Mr. Valizadeh has been injured in amounts exceeding $75,000 exclusive of interest and costs.

### SECOND CLAIM FOR RELIEF
### (False Light against Jane Doe a/k/a "Susan")

27.     Plaintiff Valizadeh hereby incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

28.     Defendant's distribution of false statements regarding Mr. Valizadeh occurred through her emails to S. Jane Gari and Ms. Gari's repetition of those statements on her blog.

29.     Defendant intended to – and did – intend to give publicity to her false statements by sending them to Ms. Gari.

30.     The false light in which Defendant portrayed Plaintiff – as a rapist, which is a crime – is highly offensive to any reasonable person.

31.     Defendant Jane Doe made her defamatory statements with the knowledge that the statements were false, or with a reckless disregard for the truth.

32.     As a consequence of Defendant's false statements and her distribution of them, Plaintiff has suffered mental anguish. Defendant's actions, and the mental harm they caused Plaintiff, have adversely affected the quantity and quality of his time with friends and family.

33.     As a direct and proximate result of Defendant's acts, Mr. Valizadeh has been injured in amounts exceeding $75,000 exclusive of interest and costs.

### THIRD CLAIM FOR RELIEF
### (Defamation *Per Se* against John and Jane Does 2-10)

34.     Plaintiff Valizadeh hereby incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

35.     Defendants John and Jane Does 2-10 made false statements to Ms. Gari.

36.     John and Jane Does' statements regarding Mr. Valizadeh are false, tend to bring Mr. Valizadeh into disrepute, and impeach his integrity and reputation. Specifically, John and Jane Does allege that Plaintiff either sexually victimized them or sexually victimized Ms. Gari, which is absolutely untrue.

37.     Defendants' false statements regarding Plaintiff Valizadeh allege heinous criminal activity and injure Plaintiff with regard to his business. Thus, Defendants John and Jane Does' defamatory statements constitute defamation *per se*.

38.     Defendants published their defamatory statements in emails and other correspondence with S. Jane Gari, who then repeated those defamatory statements on her blog at <sjanegari.com>.

39.     Defendants made their defamatory statements with the knowledge that the statements were false, or with a reckless disregard for the truth.

40.     Defendants had no privilege to make their defamatory statements.

41.     Plaintiff Valizadeh has been and continues to be damaged by John and Jane Does' statements.

42.     As a direct and proximate result of Defendants' acts, Mr. Valizadeh has been injured in amounts exceeding $75,000 exclusive of interest and costs.

## FOURTH CLAIM FOR RELIEF
### (False Light against Defendants John and Jane Does 2-10)

43.     Plaintiff Valizadeh hereby incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

44.     Defendants' distribution of false statements regarding Mr. Valizadeh occurred through correspondence to S. Jane Gari and Ms. Gari's repetition of those statements on her blog.

45.     Defendants intended to, and did give publicly to Ms. Gari, false statements by sending them to Ms. Gari.

46.     The false light in which Defendants portrayed Plaintiff – as a rapist, which is a heinous crime and a felony – is highly offensive to any reasonable person.

47.     Defendants made their defamatory statements with the knowledge that the statements were false, or with a reckless disregard for the truth.

48.     As a consequence of Defendants' false statements and their distribution of them, Plaintiff has suffered mental anguish. Defendants' actions

and the mental harm they caused Plaintiff have adversely affected the quantity and quality of his time with friends and family.

49.     As a direct and proximate result of Defendants' acts, Mr. Valizadeh has been injured in amounts exceeding $75,000 exclusive of interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daryush Valizadeh hereby prays for relief as follows:

A.     That this Court permit Plaintiff to take early discovery to determine the true identity of "Susan," who is being sued as Jane Doe;

B.     That this Court permit Plaintiff to take early discovery to determine the true identities of John and Jane Does 2-10;

C.     That Plaintiff be awarded general, exemplary, and punitive damages in an amount to be determined at trial;

D.     That Plaintiff be awarded his reasonable attorneys' fees and costs expended prosecuting his claims against Jane Doe a/k/a "Susan" and John and Jane Does 2-10; and

E.     Such other relief as this Court deems proper.


Dated: March 30, 2016.

GUNDERSON, PALMER, NELSON
& ASHMORE, LLP

Donald P. Knudsen
506 Sixth Street
P.O. Box 8045
Rapid City, SD 57709-8045
Tel:     (605) 342-1078
Fax:     (605) 342-0480
dknudsen@gpnalaw.com

Marc J. Randazza
*Pro Hac Vice* Motion Forthcoming
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Tel:    702-420-2001
Fax:   305-437-7662
Email: ecf@randazza.com

*Attorneys for Plaintiff,*
*Daryush Valizadeh*