# **EXHIBIT B**

Letter from
Paul S. Levine
to Marc J. Randazza
dated Feb. 22, 2016

Paul S. Levine
Attorney at Law

1054 Superba Avenue
Venice, California 90291-3940
Telephone (310) 450-6711
Facsimile (310) 450-0181
Cellular (310) 877-0181
Toll-Free Fax & Voicemail (800) 742-1819
e-mail paul@paulslevine.com

**CONFIDENTIAL SETTLEMENT LETTER—CALIFORNIA EVIDENCE CODE §1152**

February 22, 2016

VIA CERTIFIED MAIL-RETURN-RECEIPT REQUESTED
AND VIA EMAIL—mjr@randazza.com
Marc John Randazza, Esq.
Randazza Legal Group, PLLC
4035 South El Capitan Way
Las Vegas, NV 89147

Re: S. Jane Gari adv. Daryush ("Roosh") Valizadeh

Dear Mr. Randazza:

I represent S. Jane Gari, a book author and blogger (not a journalist, as she writes her own blogs and does not write for any third-party print or electronic newspaper, magazine or other publication) who has given me copies of your four (4) page February 16, 2016 letter to her (your "Letter") and your three (3) page February 19, 2016 letter to her prior counsel, Benjamin D. McCoy, Esq. (your "Second Letter").

In preparing to write this letter to respond to your Letter and Second Letter, I have reviewed material from the following websites:

- my client's website, www.sjanegari.com;
- your client's website, www.returnofkings.com;
- www.wehuntedthemammoth.com
- www.stundin.is
- www.dv.is
- www.i.dailymail.co.uk
- www.change.org
- rooshme.blogspot.com
- www.reason.com/blog/2016/02/08/neo-nonsense
- www.randazza.com
- www.arstechnica.com
- www.fightcopyrighttrolls.com
- www.idledilletante.com

Re: S. Jane Gari adv. Daryush ("Roosh") Valizadeh/Page 2

I have also reviewed various email correspondence by and between my client and various other women who claim to be, or to be acquainted with, victims of your client. Finally, and perhaps most importantly, I have reviewed the extensive email correspondence by and between my client and the woman she calls "Susan" in her blog, dated November 10, 2015 to date. That correspondence is ongoing; in her latest email messages, "Susan" has offered to furnish my client with even more proof of her rape by your client than she has provided thus far[1].

I assure you that "Susan" is indeed a very real person, who indeed claims that she was raped by your client. She most certainly is not a "fabrication" created by my client to make some sort of point about your client's rape of women. After reading her compelling email messages to my client, there is no doubt in my mind that "Susan" is telling the absolute and complete truth when she claims to have been raped by your client. There is little doubt either in the minds of various others that "Susan" is telling the truth—see some of the websites referenced above.

There is thus <u>no basis</u> for the claims in your Letter that my client: (a) somehow failed to "act like a journalist"; (b) did not "giv[e] ["Susan's"] story even the slightest critical eye", (c) "clearly did not fact-check ["Susan's"] accusation before publishing [sic] it"; (d) failed to "examine this story with any degree of rigor; (e) published [communications from "Susan"] without the slightest degree of care" or that "the story [told by "Susan" and recounted by my client in her blog] on its surface does not even sound credible". On the contrary, the story told by "Susan" as recounted in my client's blog does indeed sound <u>very</u> "credible"[2].

As I'm sure you know, as truth is a complete defense to any defamation claim, any lawsuit on that basis which your client might bring against my client would be <u>without merit</u>; if you were to bring such a lawsuit on behalf of your client, you would

---

[1]My client has preserved, and will continue to preserve, all of the "evidence" you refer to in the second page of your Letter.

[2]Even if your client is deemed to be a "public figure", or "limited public figure" under the <u>New York Times v. Sullivan</u> standard, my client did not recount "Susan's" story with "actual malice"—my client had no knowledge of its falsity, and did not "recklessly disregard" its veracity or lack of veracity.

Re: S. Jane Gari adv. Daryush ("Roosh") Valizadeh/Page 3

open yourself up to sanctions under California Code of Civil Procedure §128.7 (or any state statute similar to Federal Rules of Civil Procedure Rule 11 in the jurisdiction in which it is brought) and would subject your client and yourself to a claim for malicious prosecution when your client's defamation lawsuit is summarily dismissed.

You are incorrect when you assert in your Second Letter that my client "made some amendments to her post since hearing from [you]". Any "amendments" to her blog post were made by her <u>later the same day</u> on the day on which she originally posted her blog, and <u>not</u> after she received your Letter. For example, after further consideration of the material she had posted, my client added the language at the end of the post which appears with the asterisk: "These are allegations that have not been brought formally, nor has he been found guilty of a crime in court". My client did this in an abundance of caution, in order to strive for as much accuracy as possible, and <u>not</u> because she was afraid of a defamation claim which your client might bring or because of anything contained in your Letter (which, as I said, she had not yet received).

In sum, my client will not comply with the demand in your Letter that she "publicly come clean" regarding her ostensible "fabrication" of "Susan's" story, as she did not "fabricate" it. Every word of "Susan's" story, as recounted by my client in her blog, are "Susan's" words, and they are, to the best of my client's knowledge and belief, absolutely true.

My client will not enter into any sort of mediation with your client for a very simple reason—there is no "dispute" to mediate.

Turning to my client's claims against yours, your client has defamed my client by falsely asserting, in the "headline" of his blog post on his "Return of Kings" website, that "Legal Action" has been taken against my client, and that "civil action is being sought" against [her]...". Such assertions are defamatory, as they are false statements of fact which certainly tend to lower my client's reputation in the eyes of her relevant community[3]. As the statements were made with malice and are certainly oppressive, my client would likely to be able to recover compensatory and punitive (exemplary) damages against

---

[3] Most states, unlike California, do not have the "pre-litigation privilege" afforded by California Civil Code §47.

Re: S. Jane Gari adv. Daryush ("Roosh") Valizadeh/Page 4

your client.

**DEMAND IS HEREBY MADE** for your client to immediately retract the defamatory statements he has made.

If your client fails to do this within five (5) business days of your receipt of this letter, I will not hesitate to file suit against your client for defamation and declaratory relief, and, if I discover he is "in cahoots" with, or has otherwise aided, his so-called "followers" or "fan boys" who have viciously defamed my client in various recent blog posts, tortious interference with prospective economic advantage and contractual relations, and other appropriate claims for relief.

Given the wrongful conduct here, my client knows that she has an extremely powerful and compelling case to present to a jury of her peers. A properly-instructed jury would not likely tolerate the actions complained of herein, and would award my client substantial sums for both compensatory and punitive damages, as well as attorney's fees and costs. My client does not desire to pursue this matter by way of litigation or otherwise if, and only if, your client immediately complies with the foregoing DEMAND. She acknowledges that if she wishes to settle this matter without resorting to expensive and time-consuming litigation, she cannot realistically expect to receive all that a jury would award to her after a full and fair hearing; she recognizes that punitive damages will not play a role in pre-litigation settlement discussions. However, my client expects that your client, too, will realistically analyze the potential liability which your client faces, without assuming that everything (facts, law, evidence, testimony, *etc.*) will go your client's way. If you and your client do so, you and your client will, perhaps reluctantly, conclude that your client faces exposure to considerable damages, together, of course, with the cost (both monetary and time) of litigation.

Therefore, solely for settlement purposes, my client will accept the following in full satisfaction of all of her claims:

- Your client must fully comply with the DEMAND set forth above; and
- Because my client has had to pay me to deal with this matter, your client must immediately reimburse her for the legal fees and costs she has incurred, in the amount of $5,000.

Re: S. Jane Gari adv. Daryush ("Roosh") Valizadeh/Page 5

This settlement offer will expire (unless sooner withdrawn) five (5) business days after your receipt of this letter. If the offer is not accepted by your client by then, your client will leave my client no choice but to vigorously pursue any and all available legal and equitable claims against your client, including, but not limited to, those claims set forth above.

This letter is the only notice you will receive prior to legal action being taken against your client.

Advise your client to guide himself accordingly.

This letter does not purport to exhaustively set forth my client's entire position in this matter nor to comprehensively recite the pertinent facts or law. Nothing herein should be construed to be a waiver of or limitation of any of my client's rights in law, in equity, or otherwise. All rights, claims and remedies are specifically reserved.

Very truly yours,

Paul S. Levine

cc: S. Jane Gari (via email)